NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2821
_____

UNITED STATES OF AMERICA

v.

PATRICK PARKER,
              Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 1-09-cr-00304-001)
District Judge: Honorable Robert B. Kugler

_____

Submitted Under Third Circuit LAR 34.1(a)
May 25, 2012

Before:  RENDELL, FUENTES, and HARDIMAN, Circuit Judges

(Opinion Filed: June 4, 2012)

_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Defendant Patrick Parker appeals his criminal sentence for wire fraud and money

laundering convictions.  He contends that the District Court erred in applying a

sentencing enhancement for using sophisticated means. For the following reasons, we will affirm.[1]

Parker was employed as a mortgage loan broker for various companies. For two properties, Parker prepared fraudulent mortgage loan applications in the names of straw purchasers. The various lenders accepted these applications, and approved mortgages for $270,480 and $454,171. In connection with the closings on those properties, Parker received commissions of $21,337 and $3,704. He deposited those funds in accounts for shell companies that he created in order to facilitate his fraud. Then, the straw purchasers transferred the deeds to the properties to Parker for the sum of $1. As owner of these properties, Parker then nominally sold these properties back to straw purchasers, again by preparing fraudulent mortgage loan applications. He again received commissions for these sales, and deposited those funds in accounts held by the shell entities.

Additionally, Parker arranged for mortgage financing to pay off an existing lien on one of the properties. The new lender provided a payoff check in the amount of $362,509.71, which Parker misappropriated. Parker opened a bank account under a corporate name chosen to resemble the payee on the check, and falsely endorsed and deposited the check into that account.

Parker pled guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742. We review the District Court's fact findings supporting application of the enhancement for clear error. *See United States v. Kennedy*, 554 F.3d 415, 418 (3d Cir. 2009) (citing *United States v. Grier*, 475 F.3d 556, 569 (3d Cir. 2007) (en banc)).

(a)(1)(B)(i).  The District Court sentenced Parker to seventy months' imprisonment, based on extensive calculations under the Sentencing Guidelines.  The Court found that the counts should be grouped under § 3D1.2(b), and to do so, it calculated the offense level for each individual count.  For the wire fraud count, the Court applied § 2B1.1(a)(1), and determined a base offense level of 7, to which the Court added 14 levels because the offense resulted in a loss greater than $400,000 but less than $1 million, *see* § 2B1.1(b)(1).  Next, the Court added 2 levels pursuant to § 2B1.1(b)(9)(C) because it determined that "the offense otherwise involved sophisticated means."  Therefore, the adjusted offense level on the wire fraud count was 23.

For the money laundering count, the Court applied § 2S1.1(a)(1), which imports the adjusted offense level—in this case, 23—from the wire fraud count to the money laundering count.  Next, the Court added 2 levels pursuant to § 2S1.1(b)(2)(B) because the defendant pled guilty to a violation of 18 U.S.C. § 1956.  Therefore, the adjusted offense level on the money laundering count was 25.

To arrive at a single offense level for the two counts, the Court applied § 3D1.3(a), which calls for adopting the higher of the two adjusted offense levels on the two counts— in this case, 25.  Then, the Court subtracted 3 levels for acceptance of responsibility, *see* § 3E1.1, arriving at a final adjusted offense level of 22.  With a criminal history placing Parker in Category IV, the advisory sentencing range was sixty-three to seventy-eight months.

Parker's only objection on appeal is to the District Court's application of the "sophisticated means" enhancement under § 2B1.1(b)(9)(C).[2] That provision calls for a 2-level increase in the offense level if "the offense otherwise involved sophisticated means." Application Note 8, in turn, defines "sophisticated means" as

> especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense. For example, in a telemarketing scheme, locating the main office of the scheme in one jurisdiction but locating soliciting operations in another jurisdiction ordinarily indicates sophisticated means. Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts also ordinarily indicates sophisticated means.

*Id*. at cmt. n.8(B). Parker argues that one specific act of money laundering, *i.e.*, opening a bank account under a corporate name chosen to resemble the payee of the check, which was to pay off the mortgage, and then falsely endorsing and depositing it, did not constitute "sophisticated means." But this argument misses the point; the enhancement was applied based on the entire scheme Parker concocted, not solely on one act of money laundering. The District Court correctly concluded that application of the sophisticated means enhancement was warranted based on the entirety of Parker's conduct, which involved, among other things, the use of straw buyers and shell companies created to broker fraudulently obtained mortgages. This constitutes "[c]onduct such as hiding assets or transactions, or both, through the use of fictitious entities [or] corporate shells." § 2B1.1(b)(9)(C) cmt. n.8(B); *see also United States v. Septon*, 557 F.3d 934, 937 (8th Cir. 2009) (concluding that a defendant was subject to the sophisticated means enhancement

---

[2] Parker's brief incorrectly asserts that the District Court applied the sophisticated means enhancement under § 2S1.1(b)(3).

4

where he "used a variety of business entities to facilitate his fraudulent scheme," and submitted fraudulent loan applications).

Therefore, we will affirm the judgment of the District Court.